## UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, LLC | x : : | Court No. 22-00008 |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT** |
| UNITED STATES, | : : | |
| Defendant. | : : | |
| _____ | x | |

Plaintiff, BLUE SKY THE COLOR OF IMAGINATION, LLC., by its attorneys, Stein Shostak Shostak Pollack & O'Hara, LLP, complains of Defendant, the United States, and alleges as follows:

### JURISDICTION

1. This Court's jurisdiction arises under 28 U.S.C. §1581(a), and this action is filed within the time limits prescribed by 28 U.S.C. §2636(a)(1).

2. On May 4, 2020, through its attorneys, Plaintiff timely filed Protest No. 5501-20-102468 at the Port of Dallas, Texas, contesting the decision by U.S. Customs and Border Protection (CBP) to classify and liquidate planning calendars in Entry Number CHQ-01464140 as diaries or notebooks under HTSUS 4820.10.2060.

Court No. 21-00008

    3.    On July 20, 2021, CBP denied the protest.

    4.    On January 14, 2022, Plaintiff filed a summons challenging CBP's decision.

    5.    On May 4, 2020, through its attorneys, Plaintiff timely filed Protest No. 5501-20-102469 at the Port of Dallas, Texas, contesting the decision by U.S. Customs and Border Protection (CBP) to classify and liquidate planning calendars in Entry Number CHQ-0146276-3 as diaries or notebooks under HTSUS 4820.10.2060. However, Defendant has conceded that Plaintiff's monthly planners, sku numbers 116390 and 111399 imported on this entry, are calendars.

    6.    On July 20, 2021, CBP denied the protest.

    7.    On January 14, 2022, Plaintiff filed a summons challenging CBP's decision.

    8.    All duties and taxes are paid.

    9.    Jurisdiction over all or part of the subject matter of this action is based upon Plaintiff's timely protests, Customs decision to deny the protests and Plaintiff's timely filed summons.

Court No. 21-00008

## PARTIES

10.  Plaintiff is a California limited liability company with its principal place of business in Irvine, California, and is the importer of record of the subject merchandise.

11.  Defendant, United States, is the proper party for decisions taken by CBP, a constituent agency of the U.S. Department of Homeland Security.

## STANDING

12.  Plaintiff is the real party in interest and on this basis has standing to bring this action.

13.  Plaintiff's claims are within the "zone of interests" of the underlying statute, 19 U.S.C. §1514(a), which provides for judicial review of classification disputes or disputes over exactions and other charges imposed by CBP.

## FACTUAL BACKGROUND

14.  Plaintiff imports and sells calendars.

15.  On July 2, 2019, Plaintiff imported planning calendars in Entry Number CHQ-0146276-3, and as instructed by Defendant, entered the merchandise under HTSUS 4820.10.2060, as diaries or notebooks.

16.  Each planning calendar in Entry Number CHQ-0146276-3 contained between 70 percent to 100 percent dated calendar pages.

Court No. 21-00008

17. On November 15, 2019, CBP liquidated the planning calendars in Entry Number CHQ-0146276-3 as notebooks under HTSUS 4820.10.4000.

18. On May 4, 2020, Plaintiff timely filed Protest No. 5501-20-102469.

19. On July 20, 2021, CBP denied the protest.

20. On January 14, 2022, Plaintiff filed a summons challenging CBP's decision.

21. On July 10, 2019 Plaintiff imported planning calendars in entry number CHQ-0146414-0, and as instructed by Defendant, entered and classified the calendars under HTSUS 4820.10.2060 as diaries or notebooks.

22. On November 15, 2019 CBP liquidated the planning calendars in entry number CHQ-01464140 as diaries or notebooks under HTSUS 4820.10.2060.

23. On May 4, 2020, Plaintiff timely filed Protest No. 5501-20-102468

24. On July 20, 2021, CBP denied the Protest.

25. On January 14, 2022 Plaintiff filed a summons challenging CBP's decision.

## COUNT I

(Incorrect Classification Decision – Planning Calendar)

26. Plaintiff repeats and incorporates paragraphs 1-25 by reference, as though fully stated herein.

Court No. 21-00008

27. Plaintiff's planning calendars are not classifiable as diaries or notebooks under either HTSUS 4820.10.4000 or HTSUS 4820.10.2010 or HTSUS 4820.10.2060 because they are not diaries or notebooks.

28. Plaintiff's planning calendars are properly classified under HTSUS 4910.00.2000 because they are calendars.

## **RELIEF**

29. WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in its favor; and hold Plaintiff's planning calendars are classified as calendars under HTSUS 4910.00.2000, and refund the excess duties to Plaintiff together with interest as provided by law; and

(b) Award costs, attorneys' fees and other such relief as the court deems equitable and just.

Dated: December 22, 2025            Respectfully submitted,

By:    /s/ Elon A. Pollack
Elon A. Pollack, Esq.
Stein Shostak Shostak Pollack & O'Hara
Attorneys for Plaintiff
865 South Figueroa Street, Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888
Fax: (213) 630-8890
E-Mail: elon@steinshostak.com